IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KIM SLAUGHTER, AND ALL OTHERS SIMILARLY SITUATED,** <br>     *Plaintiff*, <br>           v. <br><br> **MERIDIAN HEALTH PLAN OF ILLINOIS, INC.,** <br>     *Defendant*. | Civil Action No. |

## COMPLAINT

Plaintiff Kim Slaughter brings this action individually, on behalf of those similarly situated, and on behalf of the proposed Illinois Class Members (defined below), and in support shows the Court the following:

### I.    SUMMARY

1. This is an opt-in collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*, and an opt-out class action brought pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IL Wage Law") and Federal Rule of Civil Procedure 23.

2. Defendant employed Plaintiff and the Class Members as "Care Coordinators" whose job duties included (1) asking members standardized questions to collect data for care assessments, (2) inputting answers to those questions into Defendant's computer systems, (3) coordinating care by performing such ministerial tasks as arranging appointments, referrals, and obtaining necessary authorizations from members, and (4) supplying members with additional information and resources to educate members concerning their health plan needs.

3. Defendant misclassified Care Coordinators as exempt from federal and state mandated overtime pay, paid them a salary, and refused to pay them overtime pay despite Plaintiff

and other Care Coordinators regularly working over 40 hours per workweek.

## II. PARTIES

4. Plaintiff Kim Slaughter ("Plaintiff" or "Slaughter") worked as a Care Coordinator for Defendant in Illinois in the three years prior to the filing of this case. Defendant specifically employed Plaintiff from approximately August 2014 to January 2016. Plaintiff worked over 40 hours in one or more workweeks in Illinois during that time period. Her consent to participate is attached as Exhibit A to this Complaint.

5. Plaintiff brings this action individually and on behalf of those similarly situated pursuant to the FLSA ("FLSA Class Members"). The FLSA Class Members are Defendant's current and former employees who worked more than 40 hours per workweek in at least one workweek over the past three years, who were paid a salary, and whose primary job duties included (1) asking members standardized questions to collect data for care assessments, (2) inputting answers to those questions into Defendant's computer systems, (3) coordinating care by performing such ministerial tasks as arranging appointments, referrals, and obtaining necessary authorizations from members, and (4) supplying members with additional information and resources to educate members concerning their health plan needs. The FLSA Class Members include, without limitation, such job titles as "Care Coordinator," "Community Care Coordinator," and other job titles performing the same or similar duties.

6. Plaintiff also brings this action as a Rule 23 action on behalf of all FLSA Class Members who worked for Defendant in Illinois in at least one workweek of more than 40 hours over the past three years ("IL Class Members"). The IL Class Members and FLSA Class Members are collectively referred to as "Class Members."

7. Defendant Meridian Health Plan, Inc. is an Illinois corporation that has appointed

Karen Brach, 333 Wabash Ave., Suite 2900, Chicago, Illinois 60604 as its agent for service of process.

### III. JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiff's FLSA claim because that claim arises under federal law pursuant to 29 U.S.C. § 216(b) and pursuant to 28 U.S.C. § 1331.

9. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy of over $5,000,000.00 exclusive of interest and costs, and at least one IL Class Member is a citizen from a different state than Defendant. Alternatively, the Court has supplemental jurisdiction pursuant to 28 U.S.C § 1367.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events forming the basis of the suit occurred in this District and because one or more of the Parties reside in this District.

### IV. COVERAGE

11. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

12. At all times hereinafter mentioned, Defendant has been an employer or joint employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and IL Wage Law.

13. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce

or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Plaintiff and the Class Members specifically handled materials, including computer and other equipment, to conduct medical assessments.

15. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 203(e)(1).

## V. FACTUAL ALLEGATIONS

16. Defendant has had business operations throughout the United States, including in Illinois and this Judicial District, during the three years prior to the filing of this lawsuit. Defendant has had an annual gross volume of sales made or business done exceeding $500,000.00 during each year over the past three years.

17. Plaintiff worked as a Care Coordinator for Defendant from approximately August 2014 to January 2016.

18. As a Care Coordinator, Plaintiff's primary job duties primary job duties included (1) asking members standardized questions to collect data for care assessments, (2) inputting answers to those questions into Defendant's computer systems, (3) coordinating care by performing such ministerial tasks as arranging appointments, referrals, and obtaining necessary authorizations from members, and (4) supplying members with additional information and resources to educate members concerning their health plan needs.

19. These job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance to Defendant.

20. Plaintiff worked over 40 hours in one or more individual work weeks.

21. Defendant did not pay Plaintiff for all overtime hours she worked in excess of 40 hours per workweek.

22. Instead of providing Plaintiff with overtime pay, Defendant classified Plaintiff as exempt and paid her a salary with no overtime pay for her many hours of overtime work.

23. Defendant knew that Plaintiff worked in excess of 40 hours per week.

24. Plaintiff is entitled to receive overtime pay for all the hours she worked in excess of 40 per workweek.

25. Defendant willfully misclassified Plaintiff as exempt and refused to pay her overtime, despite (1) having awareness of the FLSA's minimum wage and overtime requirements; (2) routinely receiving complaints from Plaintiff and Class Members regarding their pay and not being paid for overtime hours; and (3) paying workers who performed substantially similar, non-exempt duties on an hourly/overtime eligible basis, but choosing not to pay Plaintiff overtime.

### VI. COLLECTIVE AND CLASS ALLEGATIONS

26. Plaintiff brings her FLSA claims as a collective action under 29 U.S.C. § 216(b) on behalf of the FLSA Class Members, and her IL Wage Law claims as a class action under Federal Rule of Civil Procedure 23 on behalf of the IL Class Members.

27. Plaintiff and the FLSA Class Members are similarly situated to one another in that they performed the same or similar job duties and worked under the same pay provisions as one another. These similar job duties are set forth in Paragraph 5. The pay provisions for the FLSA

Class Members are also similar in that Plaintiff and the FLSA Class Members were paid a salary and no overtime pay.

28. Plaintiff brings her class action on behalf of the IL Class Members, which is maintainable under subsections (1), (2), (3) and (4) of Rule 23(a).

29. The IL Class Members are so numerous that their joinder is impracticable. While the precise number of the IL Class Members is unknown, at least 100 IL Class Members have worked at least one workweek of more than 40 hours in each of Illinois over the past three years.

30. Common questions of law and fact for the IL Class Members predominate over any questions affecting any individual member, including: (1) whether Defendant violated IL Wage Law by failing to pay the IL Class Members overtime compensation for all hours worked in excess of forty in an individual workweek; (2) the proper measure of damages sustained by the IL Class Members; and (3) whether Defendant should be enjoined for such violations in the future.

31. Plaintiff's claims are typical of those of the IL Class Members. Plaintiff and the IL Class Members (1) had the same primary job duties; (2) were classified as exempt from overtime; (3) worked in Illinois in at least one workweek for over 40 hours in the over the last three years; and (4) were denied overtime at a rate of one-and-one half times their regular rates of pay for all overtime hours worked.

32. Plaintiff will fairly and adequately protect the IL Class Members' interests and has retained counsel experienced in complex wage and hour class action litigation.

33. The class action is maintainable under Fed. R. Civ. P. 23(b)(1) because prosecuting separate actions by individual class members across the jurisdictions in which Defendant does business would create the risk of inconsistent adjudications, resulting in incompatible standards of conduct for Defendant.

34. The class action is maintainable under subsection (1) of Rule 23(b) because prosecuting separate actions by individual class members across the jurisdictions in which Defendants does business would create the risk of inconsistent adjudications, resulting in incompatible standards of conduct for Defendants.

35. This class action is maintainable under subsection (2) of Rule 23(b) because Defendant acted or refused to act on grounds generally applicable to the IL Class Members, making final injunctive and/or declaratory relief appropriate to the IL Class Members as a whole.

36. The class action is maintainable under subsection (3) of Rule 23(b) because common questions of law and fact predominate among the class members and because the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

37. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the proposed IL Class Members to the extent required by Fed. R. Civ. 23(c).

38. The class action is also maintainable under subsection (4) of Rule 23(b) with respect to particular legal and factual issues raised in this litigation.

### VII. COUNT ONE: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

39. Plaintiff incorporates all of the previous paragraphs as if fully stated herein.

40. During the relevant period, Defendant violated and continues to violate the Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2) by employing Plaintiff and other FLSA Class Members in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than 40 hours without compensating such employees for their work in

excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

41. Defendant acted willfully in failing to pay Plaintiff and other FLSA Class Members in accordance with the law.

### VIII. COUNT TWO: VIOLATION OF THE ILLINOIS WAGE LAW

42. Plaintiff incorporates all of the previous paragraphs as if fully stated herein.

43. Plaintiff and the IL Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in IL Wage Law.

44. During the relevant time period, Defendant violated and continues to violate the IL Wage Law by employing employees and regularly and repeatedly failing to pay employees for all hours worked and pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay.

45. Pursuant to 820 ILCS 105/12(a), Plaintiff and the IL Class Members are entitled to recover overtime wages for up to three years prior to the filing of this lawsuit, plus damages in an amount of two percent (2%) per month of the amount of the underpayments.

### IX. RELIEF SOUGHT

46. Plaintiff prays for judgment against Defendant as follows:

a. For an order preliminarily and permanently restraining Defendant from engaging in the aforementioned pay violations;

b. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

c. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

d. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

e. For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

f. For an Order certifying the IL Wage Law claims as a Class Action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as class representative, and for designation of Plaintiff's counsel as class counsel;

g. For an Order awarding Plaintiff and the IL Class Members damages pursuant to the formula set forth in 820 ILCS 105/12(a);

h. For an award of attorneys' fees, expenses, expert fees and costs incurred by plaintiffs in vindicating their rights under applicable federal and Illinois Law; and

i. For a service payment to the Plaintiff for services provided on behalf of the Class Members; and

j. For such other and further legal or equitable relief as this Court deems to be just and appropriate.

Respectfully submitted,

s/Douglas M. Werman
DOUGLAS M. WERMAN –
 dwerman@flsalaw.com
Werman Salas P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

J. DEREK BRAZIEL*
JAY FORESTER*
Texas Bar No. 24087532
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
www.overtimelawyer.com

        JACK SIEGEL*
        Siegel Law Group PLLC
        2820 McKinnon, Suite 5009
        Dallas, Texas 75201
        P: (214) 790-4454
        www.4overtimelawyer.com

*Application for admission pro hac vice forthcoming*
ATTORNEYS FOR PLAINTIFF